UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| DION ANDREWS, : | | |
| Plaintiff, : | No. 3:17-cv-1233 (SRU) | |
| : | | |
| v. : | | |
| : | | |
| SCOTT SEMPLE, et al., : | | |
| Defendants. : | | |
| : | | |

**RULING ON MOTIONS FOR APPOINTMENT OF COUNSEL
AND TO DETERMINE LEGAL COMPETENCE**

Dion Andrews ("Andrews"), currently confined at Northern Correctional Institution in Somers, Connecticut, filed this complaint *pro se* under 42 U.S.C. § 1983, asserting claims for unconstitutional conditions of confinement and failure to protect him from assault by another inmate. He now has filed motions seeking appointment of *pro bono* counsel (doc. # 7) and requesting assessment of his legal competence to proceed *pro se* (doc. # 8). For the reasons that follow, Andrews's motions are both denied.

There is no constitutional right to court-appointed counsel in a civil case. *See, e.g.*, *Rivas v. Suffolk Cty.*, 2008 WL 45406, at *1 (2d Cir. Jan. 3, 2008) (noting that civil litigants have no constitutional right to counsel). Therefore, the Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel. *See, e.g.*, *Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 204 (2d Cir. 2003); *Hendricks v. Coughlin*, 114 F.3d 390, 393 (2d Cir. 1997). The Second Circuit also has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. *Saviano v. Local 32B-32J*, 75 F. App'x 58, 59 (2d Cir. 2003) (quoting *Cooper v. A. Sargenti Co.*, 877 F.2d

170, 173 (2d Cir. 1989)).

Andrews identifies three law firms that he contacted and attaches to his motion letters from those firms declining representation. He also states that Inmates' Legal Aid Program cannot represent him. However, although their contract with the Department of Correction does not include representation of inmates in court, Inmates' Legal Aid Program is able to provide legal assistance such as advice relating to discovery and assistance in responding to dispositive motions filed by the defendants. Andrews does not indicate that he requested the type of assistance Inmates' Legal Aid Program can provide. Thus, unless Andrews provides further details, I cannot determine whether Andrews is unable to obtain legal assistance on his own.

In cautioning the district courts against the "routine appointment of counsel", the Second Circuit has underlined the importance of requiring an indigent to "pass the test of likely merit". *Cooper*, 877 F.2d at 173-74. The Court has explained that "[e]ven where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." *Id.* at 171 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986)). Although Andrews argues that his claims are meritorious, I cannot properly evaluate the claims without at least a response from the defendants. That response is long overdue, but the current record is unfortunately insufficient for me to determine whether the plaintiff's claims possess likely merit and appointment of counsel is, accordingly, premature.

Andrews also asks the Court to order an evaluation of his legal competence and ability to litigate this case. Because Andrews may have legal assistance available to him, the Court declines this request.

Andrews's motion for appointment of counsel (doc. # 7) and motion to determine

competence (doc. # 8) are both **DENIED** without prejudice.

      **SO ORDERED** at Bridgeport, Connecticut, this 17th day of April 2018.

                                                      <u>/s/ STEFAN UNDERHILL</u>
                                                      Stefan R. Underhill
                                                      United States District Judge